## Hemingway's Estate.

*Wills—Probate—Issue devisavit vel non—Testamentary capacity—Delusions.*

A delusion in the legal acceptation of that term, is a belief that something exists which does not exist, and which no rational person in the absence of evidence would have believed to exist.

A delusion absolutely unfounded on the part of testatrix that her sons had defrauded her is not such a delusion as will justify the court in setting aside a will which passed over the sons.

The fact that testatrix was laboring under a delusion at the time she executed her will, will not alone entitle the contestant to an issue; the burden will still rest upon him to show that the will in question was the result of the delusion.

Where the evidence shows that testatrix believed without foundation that her sons whom she had excluded from her will had defrauded her

in the settlement of their father's estate, the will will not be set aside, even if it should be assumed that such belief were a delusion, where there is evidence that the testatrix before her death sought a reconciliation with her sons, that they had neglected her, and that she had bitterly complained of this neglect.

Argued March 6, 1900. Appeal, No. 406, Jan. T., 1899, by Frank G. Hemingway, from decree of O. C. Northampton Co., refusing an issue devisavit vel non. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and MESTREZAT, JJ. Affirmed.

Appeal from register of wills.

The facts appear from the opinion of SCHUYLER, P. J., which was as follows:

This is an appeal from the decision of the register admitting to probate a paper purporting to be the last will of the decedent. Her testamentary capacity is attacked and there is a charge of undue influence, but the latter charge has not been much pressed, nor is it contended with very much earnestness that the testatrix lacked general testamentary capacity; but the serious complaint is that the will was the result of a delusion, and we are asked to award an issue to determine that question. The facts are within a narrow compass. The testatrix was a widow and left to survive her two sons and a daughter. By her will she passes over her two sons entirely and gives the bulk of her estate to the daughter. Prior to the death of her husband, which antedated the will nearly eight years, she and her sons were on the best of terms, but soon after that event trouble arose between them over the settlement of her husband's estate. She charged her sons with trying to rob her, and persisted in the belief that they had robbed her down to the time of her death. There was not the slightest foundation for these suspicions, and the appellant, one of the sons, now contends that they were the result of delusion such as to invalidate the will.

Is that so? We are constrained to answer the question in the negative and on the authority of McGovran's Estate, 185 Pa. 203, the very latest deliverance of the Supreme Court on the subject of insane delusions. In that case the testatrix was a single woman, her nearest kindred being cousins in the first degree. By her will, after a few minor bequests, she di-

rected the balance of her estate to be distributed under the intestate laws, excluding, however, one of the cousins. The feelings of the testatrix towards this cousin underwent a marked change shortly prior to the making of the will. Up to that time their relations had been kindly, but suddenly the testatrix became suspicious of her, and was unwilling to have her in the house, fearing that she might take the testatrix's life. It was conceded at the hearing that the cousin was discriminated against in the will solely because of this change of feeling, and there was nothing in the evidence to explain or account for it, and yet it was held that these facts did not make out a case of delusion in the legal acceptation of that term, and this on the theory that to constitute delusion the belief must be that something exists which does not exist and which no rational person, in the absence of evidence, would have believed to exist. The reasoning of Judge STEWART, before whom the case was heard in the court below, and whose opinion was adopted by the Supreme Court in support of this conclusion, is so irresistible, and it fits so exactly the case at bar, that we may well be excused from any further discussion of the question. It may not be easy, yet we think it possible, to reconcile McGovran's Estate with Thomas v. Carter, 170 Pa. 272, but whether possible or not it contains the last word of our Supreme Court on the subject of insane delusions, and by that we must be governed.

But even if it be conceded that the testatrix was laboring under a delusion, that alone would not entitle the appellant to an issue. The burden would still rest upon him to show that the will in question was the result of the delusion. Does the evidence show that to have been the case? When the suspicions of the testatrix were first aroused against her sons, they were followed by a paroxysm of anger during which she threw a heavy iron wrench at one of them and attempted further violence upon him and her anger continued unappeased for a considerable time. As the years rolled by, however, she began to show signs of relenting. She lived entirely alone without even a servant. She often expressed a wish that her sons would visit her and spoke to some of her friends to intercede with them in that behalf. On one occasion she met one of her sons, the one at whom she had thrown the wrench, and greeted him affectionately. During the six years preceding the date of the will that

son never visited her, and during the same period the other son visited her but once and then on invitation.

We must not be too swift to censure these sons for their seeming neglect. If the testimony is to be believed their mother was a very peculiar old lady, fault-finding, complaining, whimsical, suspicious and with a temper of her own. While her suspicions against her sons seem to have been smothered, they were not entirely quenched. She had sufficient means of her own to supply every reasonable want, while her daughter, between whom and the sons there was bitter hostility and who was a regular visitor at her house, stood ready and willing to render her service in time of need. It is an open question whether the sons declining to visit the mother under these circumstances was not an act of commendable prudence. But this is only by the way. The question is what effect, if any, did this seeming neglect have on the testatrix? According to the daughter, and she is uncontradicted, the testatrix complained of it bitterly. Was this why she disinherited her sons? Who can tell? Certain it is, that in no just view of the testimony could a jury find that it was not. It would be a vain proceeding, therefore, to award an issue to try the question. On both of the grounds above mentioned we are clearly of the opinion that the appellant is not entitled to an issue to try the question of delusion, as we are equally clear that the same is true of the charge of general testamentary incapacity and the charge of undue influence.

November 6, 1899. The prayer for an issue is denied and the appeal is dismissed at the cost of the appellant. To which decree contestant excepts and bill sealed.

*Error assigned* was the decree of the court.

*H. J. Steele*, for appellant, cited on the question of delusions : Boyd v. Eby, 8 Watts, 66 ; Leech v. Leech, 5 Clark, 91 ; Taylor v. Trich, 165 Pa. 586 ; Boyse v. Rossborough, 6 House of Lords Cases, 45 ; Redfield on Wills, 67 ; Riggs v. Amer. Tract Society, 95 N. Y. 503 ; Colhoun v. Jones, 2 Redfield, 34 ; Dorman's Case, 5 Dem. (N. Y.) 112 ; Ballantine v. Proudfoot, 62 Wis. 216.

*Russell C. Stewart* and *W. S. Kirkpatrick,* for appellee, were

not heard, but in their printed brief argued: Testatrix was laboring under no delusion in the legal acceptation of that term: Nicewander v. Nicewander, 151 Ill. 157; Mason's Case, 60 Hun, 51; Forman's Est., 54 Barb. (N. Y.) 289; Duffield v. Robeson, 2 Harr. (Del.) 380; Rush v. Megee, 36 Ind. 80; Gass v. Gass, 3 Humph. (Tenn.) 278; State v. Lewis, 20 Nev. 333; Potter v. Jones, 20 Oregon, 239; Riggs v. American Home Missionary, 35 Hun, 658; Dew v. Clark, 3 Add. Eccl. 79; Boughton v. Knight, L. R. 3 P. & D. 64; Middleditch v. Williams, 45 N. J. Eq. 726; Boardman v. Woodman, 47 N. H. 120; Taylor v. Trich, 165 Pa. 586; McGovran's Est., 185 Pa. 203.

PER CURIAM, March 26, 1900:

We think the opinion of the learned court below sufficiently vindicates the conclusion reached that the issue asked for in this case ought to be refused. The case of McGovran's Est., 185 Pa. 203, cited by the learned judge, clearly rules the present application. This case was followed in refusing the application and we therefore affirm the decree for the reasons stated in the opinion of the court below.